**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **TRESSA R. GLOVER-PARKER,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **3:14-CV-3845-N-BK** |
| | § | |
| **EXETER FINANCE OF NEW YORK,** | § | |
| **et al.,** | § | |
| **Defendants.** | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

On October 28, 2014, Plaintiff, a South Carolina resident, filed a *pro se* letter complaint and a motion to proceed *in forma pauperis*, which were automatically referred to the United States Magistrate Judge.  *See* 28 U.S.C. § 636(b) and *Special Order 3*.  For the reasons that follow, the motion to proceed *in forma pauperis* should be **DENIED** and sanctions should be imposed.

**I. BACKGROUND**

Plaintiff's complaint is actually a letter addressed to the United States Attorneys for the Southern District of New York and the District of Georgia and a United States District Judge for the Southern District of New York.  [Doc. 3 at 1].  In it, Plaintiff mentions Exeter Finance of New York, Mazda of South Charlotte Automobile Dealership, Galeana Automobile Dealership, Dick Smith Automobile Dealership, GEICO Insurance Company, and Nationwide Insurance Company (all listed as defendants on the docket sheet).  [Doc. 3 at 1].  As best as the Court can decipher, Plaintiff's letter raises a litany of claims -- excessive payoffs, disability insurance, "Mafia Mobster Loansharking," predatory lending, RICO, and mail fraud.  [Doc. 3 at 1].  With

the letter, Plaintiff includes over 40 pages of documents, e-mails, and letters, which are, for the most part, very difficult to interpret.   [Doc. 3 at 7-39].

      A review of her prior filings reflects that Plaintiff recently filed an action unsuccessfully litigating several of the same claims raised in this action against some of the same defendants. *See Parker v. Mazda of South Charlotte, et al.*, No. 3:14-CV-0512 (N.D.N.C., Charlotte Div., Sep. 29, 2014) (summarily dismissed as frivolous and for failure to state a claim under 28 U.S.C. § 1915(e)(2)) (Attachment B).  Furthermore, Plaintiff is no stranger to the federal courts.  In 2008, the United States District Court for the District of South Carolina issued a pre-filing review order, barring Plaintiff from filing any further duplicative, frivolous, and vexatious actions involving the same claims and the same defendants as that of eleven prior cases.  *See* Attachment A, Order at 1, 3, 9-10.  The court found the repeating filings, involving a huge number of defendants (as many as 150 in some actions) and voluminous pleadings, constituted an intent to harass the various defendants and the court.  *See Id.* at 7, 8, 9.

## II. ANALYSIS

      Federal courts have the authority to levy sanctions against *pro se* litigants and attorneys who violate Rule 11(b), of the Federal Rules of Civil Procedure.  *See* FED. R. CIV. P. 11(b) and (c)(1); *Whitehead v. Food Max of Miss., Inc.*, 332 F.3d 796, 802-03 (5th Cir. 2003) (a violation of any provision of Rule 11(b) justifies sanctions).  Sanctions may be appropriate when a *pro se* litigant has a history of submitting multiple frivolous claims.  *Mendoza v. Lynaugh,* 989 F.2d 191, 195-197 (5th Cir. 1993).  *Pro se* litigants have "no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets."  *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).  Moreover, litigants who abuse the

judicial process are "not entitled to sue and appeal without paying the normal filing fees -- indeed, are not entitled to sue and appeal, period." *Free v. United States*, 879 F.2d 1535, 1536 (7th Cir. 1989).

Here, even under the most deferential review, Plaintiff's letter complaint fails to comply with the requirements of Fed. R. Civ. P. 8(a).  Moreover, Plaintiff reasserts claims arising from substantially the same facts and course events and involving most of the same defendants that she unsuccessfully litigated in the North Carolina case (Attachment B).  *See Wilson v. Lynaugh*, 878 F.2d 846, 850 (5th Cir. 1989) (recognizing that an *in forma pauperis*  ("IFP") action is duplicative when it "seek[s] to relitigate claims which allege substantially the same facts arising from a common series of events which have already been unsuccessfully litigated by the IFP plaintiff.").  Therefore, her letter complaint is frivolous and malicious.  *See Roberson v. Breen*, 444 Fed. Appx. 841, 842 (5th Cir. 2011) (unpublished per curiam) ("An action may be dismissed as malicious and frivolous if it duplicates claims raised by the same plaintiff in previous or pending litigation.") (citing *Pittman v. Moore*, 980 F.2d 994, 994-995 (5th Cir. 1993) (relating to pending litigation); and *Wilson*, 878 F.2d at 850) (addressing dismissed litigation)).

In light of the duplicative nature of the letter complaint and Plaintiff's lengthy and notorious history of filing repetitive, frivolous lawsuits in South Carolina, *see* Attachment A, her request to proceed *in forma pauperis* should be denied and Plaintiff should be barred from filing future *in forma pauperis* actions in this Court without first seeking leave to file.  *See* Fed. R. Civ. P. 11(b)(2) and (c)(1); *Canzoneri v. McCormick*, No. 3:12-CV-1241-G-BK, 2012 WL 1864309 (N. D. Tex. Apr. 26, 2012), recommendation accepted, 2012 WL 1864282 (N.D. Tex. May 22, 2012) (denying *in forma pauperis* motion and barring Plaintiff from filing future *in forma*

*pauperis* actions without first obtaining leave to file because of plaintiff's history of filing

frivolous, repetitive lawsuits).

## III. RECOMMENDATION

For the foregoing reasons, it is recommended that that Plaintiff's motion to proceed *in*

*forma pauperis* [Doc. 4] be **DENIED**, and that Plaintiff be **BARRED** from filing future *in forma*

*pauperis* actions in this Court without first seeking leave to file.  It is further recommended that

Plaintiff be **WARNED** that the continued submission of frivolous actions and documents may

result in the imposition of additional sanctions, including monetary penalties.

SIGNED November 4, 2014.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner
provided by law.  Any party who objects to any part of this report and recommendation must file
specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. §
636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific
finding or recommendation to which objection is made, state the basis for the objection, and
specify the place in the magistrate judge's report and recommendation where the disputed
determination is found.  An objection that merely incorporates by reference or refers to the
briefing before the magistrate judge is not specific.  Failure to file specific written objections will
bar the aggrieved party from appealing the factual findings and legal conclusions of the
magistrate judge that are accepted or adopted by the district court, except upon grounds of plain
error.  *See Douglass v. United Services Automobile Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996).*

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

# ATTACHMENT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

In re Tressa R. Glover,                )        Misc. Case No.5:08-MC-55-JFA
a/k/a Tressa R. Glover Parker      )
_____ )

## <u>ORDER OF PRE-FILING REVIEW</u>

This matter comes before the court on a review of the submissions made by Tressa R.

Glover ("Glover") since August 2004.  Glover's submissions of frivolous pleadings justifies

that she be placed under an order of pre-filing review.  Federal courts have the authority to

issue pre-filing injunctions against vexatious litigants. *Cromer v. Kraft Foods N. Am., Inc.*,

390 F.3d 812, 817 (4th Cir.2004). Courts, however, "should not in any way limit a litigant's

access to the courts absent exigent circumstances, such as a litigant's continuous abuse of the

judicial process by filing meritless and repetitive actions." *Id*. at 817-18 (internal quotation

marks and citation omitted).

A district court may not impose an order of pre-filing review *sua sponte*.  *See also*

*Pardo v. Federal Correctional Institution-Petersburg*, 19 F.3d 1429 (4th Cir. 1994)(litigant

must be notified and given opportunity to object to imposition of order of pre-filing review).

Therefore, on April 8, 2008, the court issued a notice and rule to show cause why an order

of pre-filing review should not issue.  Plaintiff was directed to inform the court in writing by

April 25, 2008 why the court should not impose an order of pre-filing review.  Ms. Glover

did not file any response to the court's order.

The factors a district court should consider in deciding whether to issue a prefiling injunction are: (1) the party's history of litigation, in particular whether he has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party had a good faith basis for pursuing the litigation, or simply intended to harass; (3) the extent of the burden on the courts and other parties resulting from the party's filings; and (4) the adequacy of alternative sanctions. *Id.* at 818 (citations omitted).    After balancing these factors, if a court decides that a prefiling injunction is warranted, the court "must ensure that the injunction is narrowly tailored to fit the specific circumstances at issue." *Id.* (internal quotation marks and citation omitted).

Plaintiff has filed eleven civil actions in this court since August 2004. *See Glover v. Rogers Townsend, et. al.*, 5:04-21902-JFA-BM (D.S.C. 2004, hereafter "***Glover One***"); *Glover v. Citifinancial, et. al.*, 5:04-22057-JFA-BM (D.S.C. 2004, hereafter "***Glover Two***"); *Glover Parker v. Orangeburg Consolidated School District Five, et. al.*, 5:04-22938-JFA-BM (D.S.C. 2004, hereafter "***Glover Three***"); *Glover Parker v. Orangeburg Consolidated School District Five*, 5:05-1207-JFA-BM (D.S.C. 2005, hereafter "***Glover Four***"); *Glover Parker v. Sherman Acquisitions, et. al.*, 5:05-3102-JFA-BM (D.S.C. 2005, hereafter "***Glover Five***"); *Glover Parker, et. al., v. Wachovia Bank, et. al.*, 5:05-3158-JFA-BM (D.S.C. 2005, hereafter "***Glover Six***"); *Glover Parker v. Orangeburg County Law Enforcement, et. al.*, 5:05-3282-JFA-BM (D.S.C. 2005, hereafter "***Glover Seven***"); *Glover Parker v. The State of South Carolina, et. al.*, 5:05-3285-JFA-BM (D.S.C. 2005, hereafter "***Glover Eight***"); *Glover v. Carson, et. al.*, 5:06-1134-JFA-BM (D.S.C. 2006, hereafter "***Glover Nine***"); *Glover v.*

*Carson, et. al.*, 5:06-1408-JFA-BM (D.S.C. 2006, hereafter **"Glover Ten"**), and *Glover v. Orangeburg, et al.*, 5:08-406-JFA-BM (D.S.C. 2008, hereafter **"Glover Eleven"** ).

The following review of these cases reveals that they are frivolous and harassing:

In **Glover One**, the complaint consisted of a standard *pro se* complaint form with more than twenty pages of various attachments, including court records from a foreclosure action pending in the Orangeburg County Court of Common Pleas. Glover appeared to allege some type of fraud in the mortgage foreclosure. Glover filed an Application to Proceed Without Prepayment of Fees (Form AO-240), also known as an application to proceed *in forma pauperis*, but failed to provide information sufficient to evaluate the Form AO-240. The Magistrate Judge filed an order directing Glover to provide the missing financial information and also to supply the court with necessary service papers (summons forms and USM-285 forms) to bring the case into proper form. Glover never responded to the order, and on October 1, 2004, the undersigned dismissed **Glover One** without prejudice.

Two weeks after filing **Glover One** in August 2004, Glover filed **Glover Two**. This complaint consisted of a standard *pro se* complaint form accompanied by single-spaced typewritten notes and memos along with attachments, including amortization schedules and copies of newspaper legal notices – a total of thirty-three (33) pages. The matter at issue appeared to be the same mortgage foreclosure with additional allegations of attorney fraud or malpractice. Glover sought to proceed *in forma pauperis*, but again failed to provide information sufficient to evaluate her application (Form AO-240). The Magistrate Judge filed an order directing Glover to provide the missing financial information and also to supply this

court with summons and USM-285 forms. Glover never responded to the order, and on October 5, 2004, the undersigned dismissed *Glover Two* without prejudice.

*Glover Three* was commenced on November 9, 2004. Plaintiff filed a standard *pro se* complaint form, this time without voluminous attachments. In the margins of the complaint form, Glover wrote the names of the defendants and assigned (with green highlighting) the numbers 1 through 36. Only four of the thirty-six (36) defendants were mentioned in the narrative text of the complaint. The "Statement of Claim" requested that plaintiff's prior cases be re-opened, with the allegations apparently relating to the same mortgage foreclosure proceedings. Plaintiff also attached a form used by the United States Equal Employment Opportunity Commission (EEOC), alleging sexual harassment and retaliation by Orangeburg Consolidated School District Five, although the significance of the form and its relation to plaintiff's underlying claim was not clear. Under *Ellis v. United States*, 356 U.S. 674 (1958), the Magistrate Judge recommended that plaintiff's application to proceed *in forma pauperis* be denied, following which plaintiff paid the filing fee on February 15, 2005, and summons forms were issued. Several defendants appeared and filed motions for dismissal, and under *Roseboro v. Garrison*, 528 F. 2d 309 (4th Cir. 1975), orders were filed notifying plaintiff of the pending motions and advising her that a response was required. On August 17, 2005, the Magistrate Judge filed a Report recommending that the defendant's motions to dismiss be granted, that plaintiff's claim contesting the results of her state mortgage foreclosure action be dismissed with prejudice, with any other claims being

dismissed without prejudice. On October 11, 2005, the undersigned adopted the Report and dismissed *Glover Three*.

Plaintiff retained counsel and filed an employment discrimination action in *Glover Four* on April 25, 2005. Counsel's subsequent motion to withdraw as counsel of record, which was opposed by Glover, was granted on May 30, 2006, and plaintiff proceeded *pro se*. On June 30, 2006, the undersigned issued a Rule to Show Cause why plaintiff should not be held in contempt for serving a document presented as an order of this court which was not issued by this court. Plaintiff retained counsel only for the hearing on July 13, 2006, and the undersigned issued an order on July 14, 2006, enjoining plaintiff "from serving or causing to be served any bogus documents purporting to be court orders; from issuing subpoenas, writs, processes or judgments in fictitious cases; and from failing to follow the standard procedure for having subpoenas issued and served in this district." The order also placed a "stay [on] any activity in the case for 30 days so that the respondent [plaintiff] can be evaluated for competency purposes." *Glover Four* is pending before the Circuit Court.

On November 2, 2005, plaintiff filed *Glover Five*, an action against several parties involved in her then-pending bankruptcy case. *See In re: Tressa Renae Glover*, BR Action No. 04-8700-B. On November 23, 2005, the Magistrate Judge filed a Report recommending summary dismissal because this court has no jurisdiction over matters that should be raised in a pending bankruptcy proceeding. On December 27, 2005, the undersigned adopted the Report, finding the case frivolous, and dismissed *Glover Five* without prejudice.

On November 9, 2005, a week after filing her fifth lawsuit, plaintiff – and another party who did not sign the pleading – commenced *Glover Six*. Plaintiff alleged a "conspiracy" among some defendants, but the complaint contained no specific allegations whatsoever with regard to the majority of the named defendants, and failed to specify the relief sought in this court. Defendant Wachovia Bank, which was sued with regard to a state court foreclosure, could not be brought into this court with regard to that proceeding because of the [then] *Rooker-Feldman* Doctrine, and on November 23, 2005, the Magistrate Judge filed a Report recommending summary dismissal. On December 27, 2005, the undersigned adopted the Report finding the case frivolous and dismissed *Glover Six* without prejudice.

*Glover Seven* and *Glover Eight* were filed the same day, November 23, 2005. In *Glover Seven* the complaint vaguely alleged discrimination by the defendants, but the incomplete sentences and phrases did not make specific allegations against any of the named defendants. The Magistrate Judge filed a Report recommending summary dismissal and denial of the request to proceed *in forma pauperis*, and on December 27, 2005, the undersigned adopted the Report, finding the case frivolous and dismissed *Glover Seven* without prejudice. In *Glover Eight* Plaintiff sued many of the same defendants named in *Glover Seven* and vaguely alleged conspiracy, discrimination and harassment, possibly in relation to the state's investigation into her allegations of employment discrimination. However, Plaintiff provided no specific factual allegations against any of the named defendants, other than vague allegations against the State, which had immunity from suit under the Eleventh Amendment. The Magistrate Judge filed a Report recommending

summary dismissal and denial of the request to proceed *in forma pauperis*, and on December 27, 2005, the undersigned adopted the Report finding the case frivolous and dismissed **Glover Eight** without prejudice.

On April 12, 2006, plaintiff filed **Glover Nine**, which named more than one hundred and fifty (150) defendants, many of whom were defendants in her prior cases. The complaint alleged fraud in state foreclosure proceedings, and included allegations concerning state eviction proceedings, but again contained no specific allegations against the vast majority of the named defendants. In a letter requesting to amend the complaint, plaintiff requested enforcement of the October 11, 2005 order in **Glover Three**, based on the mistaken belief that the order required dismissal of a state foreclosure case. Just as in plaintiff's prior case, **Glover Six**, the Report and Recommendation in **Glover Nine** explains that state court rulings cannot be set aside in a civil rights action filed in federal court because it was, at the time, prohibited under the *Rooker-Feldman* Doctrine. The Report also recommended summary dismissal and denial of plaintiff's request to proceed *in forma pauperis*, as well as that plaintiff be required to pay the full filing fee in any future cases filed concerning fraudulent mortgage or eviction proceedings before the case can proceed beyond initial review. The undersigned adopted the Report on October 2, 2006.

Less than a month after filing **Glover Nine**, plaintiff filed the complaint in **Glover Ten**. The complaint named thirty (30) defendants, but, as before, contained no specific allegations with regard to the majority of the named defendants. The Statement of Claim portion of the complaint repeated some of plaintiff's allegations in her prior cases, such as

conspiracy, harassment, mental distress, and mortgage fraud, but the factual allegations also related to plaintiff's arrest on October 11, 2005, alleging false arrest and malicious prosecution, as well as seizure of personal property. In the relief section of the complaint, plaintiff requested dismissal of the arrest warrant and the charges; return of her personal property; monetary damages; an order from the court that would compel attendance at a drug rehabilitation program by various people; "fire, prosecute judge, clerk of court, and officers"; and an order to compel state judges to "dismiss all actions created as a favor to" certain specified people.

On July 14, 2006, the undersigned issued an order in both *Glover Nine* and *Glover Ten*, applying the thirty (30) day stay of activity imposed in *Glover Four* to add thirty (30) days to the one hundred and twenty (120) days allowed to serve cases under Rule 4 of the Federal Rules of Civil Procedure. A Report and Recommendation was subsequently issued in *Glover Nine*, and the undersigned issued an order of dismissal on October 2, 2006. A Report and Recommendation was made in *Glover Ten* prior to issuance of the summons because the case was not in proper form for service, with service papers not having been provided by Glover, and because the frivolous complaint did not require a response by defendants to determine that the case should be dismissed pursuant to 28 U.S.C. § 1915. A final order of dismissal was filed on October 2, 2006.

Plaintiff filed **Glover Eleven**, pursuant to 42 U.S.C. § 1983, suing approximately 150 defendants. The complaint contains no *specific* allegations with regard to the majority of the named defendants, however, Glover states "the defendants and the Dept. of Public Safety

[committed] assault, battery, false imprisonment, libel, slander, malicious prosecution, alienation of affections (sic), and seduction on January 4, 2008." Plaintiff also claims "the defendants" entered her house to take financial and legal documents for the purpose of engaging in identity theft. According to Glover, "[t]he defendants and the Department of Public Safety did commit theft of U.S. Postal Mail via repeated and unwarranted mail forwarding requests." Plaintiff also alleges she is ill, "caused by ... Orangeburg Consolidated School District Five" and she states the death of her mother has been devastating to her. Plaintiff maintains the defendants contributed to her mother's illnesses and "rapid decline," and references events surrounding the probating of plaintiff's mother's estate. A Report and Recommendation was made in *Glover Eleven* prior to issuance of the summons because the case was not in proper form for service, with service papers not having been provided by Glover, and because the frivolous complaint did not require a response by defendants to determine that the case should be dismissed pursuant to 28 U.S.C. § 1915. A final order of dismissal was filed on April 7, 2008.

Having reviewed the record in light of the factors enunciated in *Cromer,* the court finds that plaintiff's lawsuits are duplicative and vexatious. The court finds both the number and content of plaintiff's filings as indicia of the frivolousness of Glover's claims. The record further suggests that plaintiff's numerous claims have with patently without merit, as not one has yet stated a claim sufficient to require a merits hearing. It appears to the court that the repeated filing of several similar types of actions constitutes an intent to harass the various defendants and the court. She cannot have a reasonable expectation of prevailing, and

she has caused needless expense and burdens to other parties and the court. The court has considered the adequacy of alternative sanctions before imposing the prefiling injunction, but finds that plaintiff's non-compliance with prior orders of the court renders alternative sanctions ineffective. The prefiling injunction prohibits plaintiff from filing further civil actions against any of the defendants named in *Glover One* through *Glover Eleven* or against other defendants involving the same subject matter involved in *Glover One* through *Glover Eleven* without permission of the district court. Thus, the terms of the injunction are aimed to be narrowly tailored to the circumstances giving rise to the injunction.

This court has the inherent authority to protect its jurisdiction from conduct which impairs its ability to carry out its Article III functions:

> There should be little doubt that the district court has the jurisdiction to protect itself against the abuses that litigants like Procup visit upon it. Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions. * * * The fact that Procup's complaint in this case may have failed to state a justiciable federal claim is of no impact on the court's power to enter injunctive relief against such a recalcitrant litigant. The court has a responsibility to prevent single litigants from unnecessarily encroaching on the judicial machinery needed by others. Were a frivolous lawsuit a bar to the court's inherent jurisdiction, the court would be powerless to act upon even a flood of frivolous lawsuits which threatened to bring judicial business to a standstill.

*Procup v. Strickland*, 792 F.2d 1069, 1073-1074 (11th Cir. 1986)(*en banc*)(citation and footnote omitted from quotation). *Cf. Gabel v. Lynaugh*, 835 F.2d 124, 125 n. 1 (5th Cir. 1988)(*per curiam*); and *Lay v. Anderson*, 837 F.2d 231, 232-233& n. 1 (5th Cir. 1988)(*per curiam*)(applying holding in *Gabel v. Lynaugh*).

The imposition of this order is designed to prevent diversion of judicial work hours (required to review frivolous pleadings) from other litigation pending in this court, not to mention the time of the court's support personnel, who must process and docket frivolous pleadings.

Although Glover is being placed under an order of pre-filing review, the Clerk's Office may docket any new cases from Glover and assign civil action numbers for docket control purposes.

IT IS SO ORDERED.

May 5, 2008                              s/ Joseph F. Anderson, Jr.
Columbia, South Carolina                 United States District Judge

# ATTACHMENT B

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:14-cv-00512-MOC-DSC

| | | |
|---|---|---|
| **TRESSA R. GLOVER PARKER,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **MAZDA OF SOUTH CHARLOTTE,** | ) | |
| **EXETER FINANCE CORPORATION,** | ) | |
| **ANTOINE PIERRE PARKER,** | ) | |
| **GEICO INSURANCE COMPANY, et al.** | ) | |
| | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the court on plaintiff's Application to Proceed Without Prepayment of Fees and Affidavit.   The court notes that the *pro se* plaintiff has submitted a short form, as opposed to a long form, application. The only information that plaintiff has provided in this form is that she receives disability and/or worker's compensation payments in the amount of "less than $1,800" per month and that she has financial obligations in the form of "cost of living, medications, life insurance, etc." Without further information, it is impossible for the court to determine whether plaintiff has good cause for asking the court to waive her filing fees.

In other circumstances, the court would instruct plaintiff to submit the long form "Application to Proceed in District Court Without Prepaying Fees or Costs" (available at http://www.ncwd.uscourts.gov/forms/all-forms) and to provide the court with more detail about why her financial circumstances merit a waiver of fees. For the following reasons discussed herein, however, the court will cancel the issuance of process and service thereof.

-1-

I.      **Section 1915 Review**

Pursuant to 28 U.S.C. § 1915(e)(2), a district court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from suit.  Id.  A *pro se* plaintiff's allegations in a complaint are to be liberally construed, and a court should not dismiss an action for failure to state a claim "unless after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." De'Lonta v. Angelone, 330 F.3d 630, 633 (4th Cir.2003). *Pro se* filings "however unskillfully pleaded, must be liberally construed." Noble v. Barnett, 24 F.3d 582, 587 n. 6 (4th Cir.1994).

II.     **Plaintiff's Contentions**

The court has closely considered the substantive allegations of the Complaint. Plaintiff appears to make numerous claims against at least four defendants: Mazda of South Charlotte, Geico Insurance Company, Exeter Finance Corporation, and Antoine Pierre Parker. Plaintiff also names over 25 other defendants in her complaint, both individuals and corporations. The Complaint does not, however, state which allegations plaintiff makes as to the various defendants. Additionally, the Complaint does not allege clear and specific facts supporting her claims. Instead, it makes vague references to several incidents and facts, including a vehicle purchase, physical injuries sustained as a result of a car accident, a credit report, and an insurance claim.  Plaintiff's legal contentions in reference to these actions include, *inter alia*, mail fraud, fraudulent credit report inquiries, conspiracy, murder, "racketeer influenced and

-2-

corrupt organization," syndicated loansharking, vandalism, vehicular homicide, and entrapment. The court notes that to the extent plaintiff, a private individual, wishes to assert criminal charges against the various defendants, she is not entitled to do so. The responsibility of prosecuting criminal charges lies with the government.

Plaintiff also asserts violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* As a private individual, plaintiff does have a right to bring a civil action against a debt collector under 15 U.S.C.A. § 1692k. Plaintiff's Complaint, however, fails to state any facts that even remotely relate to unfair debt collection. A close read of the Complaint suggests that plaintiff's principal grievance is that she purchased a car from Mazda of Charlotte which she alleges was defective. More specifically, she claims that the dealership sold her a car without rear brake pads, and that the lack of rear brake pads caused her to get into a car accident. As a result of this accident, she alleges "re-injuries" of existing medical conditions, which include, *inter alia*, multiple sclerosis, heart disease, brain damage, and inflammation of her heart, lungs, and ribcage. Plaintiff attached several records of vehicle repair and written communications with her car insurance company as exhibits to her Complaint, which the court has reviewed in conjunction with her legal allegations.

Reading the Complaint in a light most favorable to plaintiff, it is clear that plaintiff feels she was wronged by Mazda of Charlotte and/or its employees. Regarding her allegations of how such alleged mistreatment violated any law, she appears, at best, to allege a products liability claim for a defective vehicle under N.C. GEN. STAT. § 99B-1 and/or a breach of the implied warranty of merchantability for the sale of goods under N.C. GEN. STAT. § 25-2-314. However, without a clearer and more extensive explanation of the applicable facts and the relevant law, the

court cannot find that plaintiff has stated a viable claim upon which this court could grant her relief.

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the court must dismiss an *in forma pauperis* complaint if "the action . . . (i) is frivolous or malicious" or if the action "(ii) fails to state a claim upon which relief may be granted." A complaint is frivolous "where it lacks an arguable basis in either law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Frivolousness "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." Id. Section 1915(e) gives judges "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless," for instance where the claim describes "fantastic or delusional scenarios." Id. at 327–28.

In conducting the frivolousness analysis, the Court of Appeals for the Fourth Circuit instructs that courts should "conduct a flexible analysis, in light of the totality of the circumstances, of all factors bearing upon the frivolity of a claim." Nagy v. Federal Med. Ctr. Butner, 376 F.3d 252, 257 (4th Cir.2004). The Nagy court held further that

> [t]he overriding goal in policing in forma pauperis complaints is to ensure that the deferred payment mechanism of § 1915(b) does not subsidize suits that prepaid administrative costs would otherwise have deterred. In implementing that goal, district courts are at liberty to consider any factors that experience teaches bear on the question of frivolity.

Id.

Plaintiff submitted her Complaint on a form used for federal actions brought pursuant to 42 U.S.C §§ 1983 and 1985. In contending that this court has jurisdiction over her claims and that this is an appropriate venue to hear such claims, plaintiff states that this court has federal jurisdiction based on both of these statutes. The court notes, however, that these laws protect

-4-

plaintiff's civil rights conferred by the U.S. Constitution or provided by statute from infringement by "state actors" or those acting in concert with them; those statutes have no application to private torts between private persons or entities. Under 42 U.S.C. § 1983, Plaintiff may only assert federal jurisdiction where she alleges: (1) that she was injured; (2) by the deprivation of any rights, privileges, or immunities secured by the Constitution and the laws of the United States; (3) by a person acting under color of state law. See id. To the extent that Plaintiff is purporting to bring a claim against any of the numerous defendants named in her Complaint through a Section 1983 action, Plaintiff does not allege that any of them, acting under the color of state law, violated her rights arising under the laws of the United States or the U.S. Constitution.

As for alleged jurisdiction under Section 1985, that statute concerns agreements of two or more persons conspiring to deprive another person of his or her civil rights. Plaintiff fails to allege such a claim in her Complaint. From the assortment of facts included in the face of the Complaint, no other federal jurisdiction based on a federal question or diversity of citizenship is apparent. See 28 U.S.C. § § 1331 and 1332.[1]

As discussed above, a complaint may be dismissed as frivolous if it lacks any arguable basis in law or fact. Neitzke, 490 U.S. at 325.  After a careful review, the court concludes that the

---

[1]     Regarding whether the court has federal jurisdiction over this matter based on diversity of citizenship, the court notes that Plaintiff is a resident of South Carolina and appears have citizenship diverse from at least two named defendants, who are purportedly residents of North Carolina and Texas. However, at least one other named defendant is also a resident of South Carolina, which makes plaintiff "non-diverse" from that defendant. "Congress has established the basic rule that diversity jurisdiction exists under 28 U.S.C. § 1332 only when there is complete diversity of citizenship." Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 377 (1978). Because the face of plaintiff's Complaint indicates that complete diversity does not exist, the court cannot assume jurisdiction based on § 1332. Moreover, plaintiff makes no statements about the citizenship of the numerous other defendants named in her Complaint, making it impossible for the court to inquire further into the matter.

asserted federal claims are frivolous based on a totality of the circumstances surrounding this matter as they lack any basis in law or fact.

The court has also considered whether plaintiff states a viable claim under § 1915(e)(2)(B)(ii), notwithstanding the fact that the claims are frivolous based on the totality of the circumstances surrounding this matter. Even though the court has applied the most liberal pleading standards to plaintiff's Complaint, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.1978), the Complaint fails because it does not adequately state facts, which, if later proven to be true, would support the legal allegations of the complaint, or any other cognizable claim. While plaintiff makes sweeping claims of conduct that she believes to be unlawful, her allegations are conclusory and do not allege enough specific facts to "raise a right to belief above the speculative level" or to satisfy this court that the claim for relief is plausible on its face. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556-557 (2007). Based on such considerations under § 1915(e)(2)(B)(ii), plaintiff also fails to state a viable claim.

## ORDER

**IT IS, THEREFORE, ORDERED** that plaintiff's Application to Proceed Without Prepayment of Fees and Affidavit (#2) is **DISMISSED WITHOUT PREJUDICE**, the issuance of process and service thereof is **CANCELLED,** and this action is **DISMISSED WITHOUT PREJUDICE** as frivolous under § 1915(e)(2)(B)(i) and for failure to state a claim under § 1915(e)(2)(B)(ii).

The court advises plaintiff that she may be eligible for free legal services at Legal Aid of North Carolina, whose staff may be able to help her better understand her position in this matter

-6-

and any rights she may have moving forward.  Legal Aid of North Carolina maintains several offices throughout the state and can be reached at 1-866-219-5262.

Signed: September 29, 2014

Max O. Cogburn Jr.
United States District Judge